IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL SECURITY INSURANCE COMPANY, | } } } | |
| Plaintiff and Counterclaim Defendant, | } } } | CIVIL ACTION NO. 2:12-cv-4030-WMA |
| v. | } } | |
| BRADFORD BUILDING CO., | } } | |
| Defendant and Counterclaimant, | } } } | |
| RFM DEVELOPMENT CO, INC., RFM BREMEN, LLC, and WESTFIELD INSURANCE CO. | } } } } | |
| Defendants. | } } | |
| RONALD SEIMER, as next friend of STEVE PICKELSIMER. | } } } | |
| Intervenor. | } | |

**<u>MEMORANDUM OPINION</u>**

The above-entitled litigation will hereinafter be disposed of in an abbreviated fashion for reasons that will become apparent. The case began as an action for declaratory judgment brought in this court by plaintiff, Pennsylvania National Security Insurance Company ("Penn Nat'l"), seeking a declaration that it owed no duty and had no obligation to defend or to indemnify defendants, Bradford Building Co. ("Bradford"), RFM Development Co., Inc., and RFM Bremen, LLC (together "RFM"), which were defendants in a personal injury action ("the underlying lawsuit") brought in a Georgia state court by intervenor, Ronald Seimer, as next friend of

Steve Pickelsimer ("Pickelsimer"). Pickelsimer was severely injured in a fall through a roof while working at a construction site where Bradford was the prime contractor, and RFM was its subcontractor. Pickelsimer sued Bradford and RFM for alleged negligence. While defending Penn Nat'l's declaratory action, Bradford filed a counterclaim charging Penn Nat'l with bad faith and fraud, as to which Penn Nat'l filed a motion to dismiss.

The coverage question presented by Penn Nat'l involved the interpretation of the commercial insurance policy it issued to Bradford, including a determination of the meaning of the words "insured contract", words which Bradford and RFM contend is a well-understood term of art in construction insurance agreements like this one and that provided coverage to RFM which was not a named insured.

Instead of standing flat-footedly on its denial of coverage, Penn Nat'l provided a defense to Bradford and RFM in the underlying lawsuit under a reservation of rights. This court concludes that, under the circumstances Penn Nat'l was premature in seeking a declaration that it would not be required to defend or to indemnify Bradford and/or RFM. From the start, it was apparent to all parties that in the event Pickelsimer lost his tort claim against Bradford and RFM, there would be nothing to expose Bradford, RFM or Penn Nat'l to liability. The court does not understand why Penn Nat'l filed its declaratory action unless it was to get free legal

advice and/or to head off a bad faith or misrepresentation claim.

Without objection, the court stayed the case pending the outcome of the underlying lawsuit in Georgia. The trial court in Georgia granted summary judgment in favor of Bradford upon finding that the law of Geogia treated Pickelsimer as Bradford's employee, making Pickelsimer's injury compensable only under Georgia' workers compensation statute. Pickelsimer did not appeal from that ruling. The underlying suit proceeded against RFM. After discovery and further briefing, a motion for summary judgment by RFM was granted by the Georgia trial court, whereupon Pickelsimer appealed to the Georgia Court of Appeals, which affirmed the adjudication in favor of RFM. Pickelsimer then petitioned for *certiorari* to the Supreme Court of Georgia, which on June 30, 2014, denied Pickelsimer's petition, ending any and all claims Pickelsimer had against Penn Nat'l's would-be insureds.

Under these procedural facts, this court is not called upon to write an opinion that would justify rulings that do not have to be made, and that will not be made. In other words, all pending motions in the above-entitled case have been rendered moot, that is, except perhaps for the viability of the counterclaims brought by Bradford for bad faith and fraud. Neither of these claims is meritorious, not only because Alabama and Georgia frown upon such claims when the coverage question is fairly debatable, as it certainly was here, but also because the insurer being charged with

bad faith refusal to defend and/or pay, actually tendered and provided a defense, and by doing so, successfully protected its insureds from liability.

A separate final judgment in accordance with this opinion will be entered.

DONE this 17th day of July, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE